Mason v. Metcalf.

## A. J. MASON v. METCALF & SYLER.

PROMISSORY NOTE. *What not. Damages and costs. When sureties on appeal bond liable for.* A promise in writing to refund a sum of money received from another, upon condition that a certain receipt be produced, is not a promissory note, and where judgment was rendered thereon for the holder by a magistrate, from which the other party appealed, it was error in the Circuit Court to render judgment against the sureties on the appeal bond for the amount of the Justice's judgment, damages and costs as provided by §3162 of the Code, although the penalty in the bond was in double that amount, and conditioned to comply with and perform the judgment of the Circuit Court. The judgment against the sureties should have been for damages and costs only under §3163 of the Code.

Case cited: Whiteman v. Childress, 6 Hum., 303.

Authorities cited: Parsons on N. & B., vol. 1, page 30; Williamson v. Bennett, 2 Comp., 417.

FROM FRANKLIN.

Appeal from the Chancery Court. W. P. HICKERSON, Chancellor.

BRANNAN & HUNT for Mason.

S. METCALFE for Metcalf and Syler.

NICHOLSON, C. J., delivered the opinion of the Court.

Mason sued J. Goar before a Justice of the Peace of Franklin County, on the following paper writing:

"Received of A. J. Mason & Co. $108 43, it being the amount of a receipt I hold on J. G. Hambleton

Mason *v.* Metcalf.

for notes on F. G. Enocks, in the hands of W. C. Alman for collection.    Now, if J. G. Hambleton produces said Alman's receipt, I promise to refund the money to A. J. Mason, Hambleton's agent.

Signed,    JOSHUA GOAR."

The warrant issued by the magistrate on this paper required Goar to answer the complaint of A. J. Mason, agent, etc., in a civil action of debt due by receipt, under certain conditions, etc.

The Justice of the Peace gave judgment against Goar for $143 69, from which he appealed to the Circuit Court, giving Metcalf & Syler as his sureties on his appeal bond, which was in the penalty of $287, and conditioned to comply with and perform the judgment of the Circuit Court.

On the trial in the Circuit Court, judgment was rendered for $164 96 against Hudgins, as administrator of Goar, principal, and Metcalf & Syler as sureties on the appeal bond.

Metcalf & Syler have appealed.

The question presented by the record is, whether the Circuit Judge erred in giving judgment on the appeal bond against Metcalf & Syler for anything more than for damages and costs?    This depends upon the question, whether the instrument on which the judgment was rendered, is either of those specified in §3162 of the Code?    It is obvious that if it is either of those instruments, it is a promissory note.

In the case of *Whiteman* v. *Childress*, 6 Hum., 303, the following definition of a promissory note is adopted

from Story on Prom. Notes, as strictly accurate: viz.: "A promissory note may be defined to be a written engagement by one person to pay another person therein named, absolutely and unconditionally, a sum of money certain, at a time specified therein."

Mr. Parsons, in his work on Notes & Bills, vol. 1, page 30, says: "That to constitute a promissory note, there must be certainty, first, as to the persons who shall receive the money; second, as to the person who is to pay; third, as to the amount to be paid; fourth, as to the time of payment; and fifth, as to the fact itself of the payment." And as to this last requisite, which, he says, at page 42, is, perhaps, most important of all, that it is usually expressed by the rule that the promise must not be on a contingency. Among the illustrations of contingent promises, he gives the following: "If the promise is connected with the receipt of drafts or notes, and is to be understood as a promise to repay them, if they are not paid, nothing will be due on the promise, and as it is not certain that they will be paid, this is a contingency fatal to the character of the paper as a promissory note, even if it be not negotiable." *Williamson* v. *Bennett*, 2 Comp., 417.

The definition of a promissory note given by Story and Parsons, and approved by this Court, requires that it shall contain an absolute and unconditional promise to pay—that the promise shall not be contingent. Tested by this definition, we are forced to hold, that the written instrument sued on in this case is not a-

Mason *v.* Metcalf.

promissory note. The promise to pay is not absolute and unconditional, but it is made to depend on the contingency that Hambleton "produces said Alman's receipt." If this receipt is not produced, then the promise is not binding. The production of the receipt is a condition precedent to the obligatory character of the promise. As it was not certain that the receipt would be produced, for that reason this contingency is fatal to the character of the paper as a promissory note. Upon the production of the receipt the promise becomes absolute, and for its breach suit might be brought, but not on the paper as a promissory note, but on it as the evidence of a contract between the parties, upon which a recovery would be had in damages.

It follows that the Court below erred in giving judgment against Metcalf and Syler for the amount of the Justices' judgment. It should only have been given for damages and costs, under §3163 of the Code.

The judgment will be reversed as to Metcalf & Syler, and the proper judgment be rendered here. The costs of this Court will be paid by the appellee.